# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3800 | **DATE** | 7/11/2000 |
| **CASE TITLE** | Andre Jones vs. The City of Chicago et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth above, we grant plaintiff's petition to proceed informa pauperis, but dismiss the City of Chicago and the official capacity claim against Officer Bone from count 1, and dismiss the Chicago Police Department from all counts of this lawsuit.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 1 2 2000 date docketed | 5 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 00 JUL 11 AM 8:45 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANDRE JONES, )
)
      Plaintiff, )
)
vs. ) No. 00 C 3800
)
THE CITY OF CHICAGO, a municipal )
corporation, THE CHICAGO POLICE )
DEPARTMENT, HAROLD BONE, individually )
and in his capacity as a police officer for the )
City of Chicago Department of Police, )
)
      Defendants. )

DOCKETED
JUL 12 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff Andre Jones brings this action against the City of Chicago, the Chicago Police Department, and Officer Harold Bone, alleging violation of his Fourth and Fifth Amendment rights under the United States Constitution. Along with his complaint, plaintiff has filed an application to proceed *in forma pauperis*. For the reasons set forth below, plaintiff's petition is granted, but certain parts of his complaint are dismissed.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if he is unable to pay the prescribed court fees. In this case plaintiff's application indicates that he is currently incarcerated and unemployed. While plaintiff states that he has received money from employment in the past 12 months, he does not describe the source or amount of money received and states that he presently has no cash or checking or savings accounts and owns no other assets. On these facts we find that plaintiff has established his inability to pay court fees.

The inquiry does not end with a finding of indigency. Under 28 U.S.C. § 1915, we must

conduct an initial review of the plaintiff's claims and dismiss the action if we find that 1) the action is frivolous or malicious, 2) it fails to state a claim on which relief may be granted, or 3) petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). At this stage, a lawsuit will not be considered frivolous unless the petitioner "can make no rational argument in law or fact to support [her] claims for relief." Jones v. Morris, 777 F.2d 1277, 1279 (7th Cir. 1985). The allegations contained in plaintiff's complaint are neither frivolous nor malicious. Plaintiff alleges that on June 23, 1999, he was arrested by Officer Bone and taken to a holding room in the local police station. While at the station, plaintiff alleges that Officer Bone physically attacked him without provocation, causing fractures to plaintiff's face and other serious bodily injuries (cplt., ¶¶ 8-15). Plaintiff now seeks to hold defendants accountable for this alleged brutality.

The complaint alleges three counts based on the events outlined above. Plaintiff claims that defendants violated his Fourth and Fifth Amendment rights (count I), acted in a willful, wanton and intentional manner (count II), and committed an assault and battery upon him (count III). These allegations are confusing in that the complaint does not expressly link each count to an actionable legal theory. We are left to connect some of the dots on our own. Although count I cites only to the Constitution as legal authority, it has the markings of a straightforward Section 1983 claim and therefore we will construe count I as being brought pursuant to 42 U.S.C. § 1983. Similarly, while counts II and III do not expressly invoke state law, we understand them as alleging that defendants committed a willful, wanton, and intentional assault and battery upon plaintiff in violation of Illinois common law. Plaintiff may clarify his causes of action by amendment if he disagrees with our reading of his complaint.

Turning to the sufficiency of plaintiff's allegations, we initially observe that plaintiff has named both the Chicago Police Department and the City of Chicago as defendants in his complaint. However, the "Chicago Police Department does not enjoy a separate legal existence independent of the City of Chicago and thus is not a suable entity." Baker v. City of Chicago Police Dept., 2000 WL 556619, at *2 (N.D. Ill. May 1, 2000) (*citing* Reese v. Chicago Police Dept., 602 F. Supp. 441, 443 (N.D. Ill. 1984)). Accordingly, the Chicago Police Department is dismissed from all counts of this lawsuit.

Count I alleges that the City of Chicago and Officer Bone, whom plaintiff sues in both his individual and official capacities, deprived plaintiff of his constitutionally-protected rights while acting under color of state law. *See* 42 U.S.C. § 1983. Under the rule of Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978), a municipality is immune from Section 1983 liability unless the constitutional injury at issue resulted from the execution of an official municipal policy. In order to state a Section 1983 claim against the City of Chicago, therefore, plaintiff must allege that he was deprived of his constitutional rights as a result of 1) an express policy; 2) a widespread practice that, although not authorized by an express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or 3) the conduct of a person with final policymaking authority. Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 734-35 (7th Cir. 1994). Plaintiff's complaint is bereft of any such allegations. Indeed, the complaint's only allegations regarding the City of Chicago simply state that plaintiff was transported to a Chicago Police Department station in an official squad car (cplt., ¶11). This is not enough to state a claim against the City of Chicago. *See* Bandari v. City of Chicago, 2000 WL 89135, at *3-4 (N.D. Ill. Jan. 20, 2000); O'Meara v. City of

Chicago, 1997 WL 701343, at *2-4 (N.D. Ill. Nov. 6, 1997). And since a claim against a police officer in his official capacity is, at bottom, equivalent to a claim against the municipality that employs him, Kentucky v. Graham, 473 U.S. 159, 165 (1985), Officer Bone is also dismissed from count I insofar as he is sued in his official capacity.[1] *See* Baker, 2000 WL 556619, at *2. In contrast, plaintiff's allegations are sufficient to state a Section 1983 claim against Officer Bone in his individual capacity. The complaint states that Officer Bone committed a constitutional offense by beating plaintiff, and that he did so while acting under color of state law. Therefore count I's individual capacity claim against Officer Bone survives.

As for the state law allegations contained in counts II and III, plaintiff has adequately pled the elements of common law assault and battery. *See* Parrish by Bowker v. Donahue, 443 N.E.2d 786, 788 (Ill. App. 3 Dist. 1982). Moreover, plaintiff has alleged that defendants acted in a willful, wanton and intentional manner and therefore his assault and battery claim, unlike his Section 1983 claim, does not fail on immunity grounds. The Illinois Local Governmental and Governmental Employee Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*, provides that a local public entity is not liable for the tortious acts of its employees unless the acts constitute willful and wanton conduct. 745 ILCS 10/2-109, 10/2-202. Plaintiff's allegations in count II, that the "actions of the defendants were willful and wanton and intentional" (cplt., ¶20), place him squarely within the Immunity Act's exception. *See* Collins v. City of Chicago, 1996 WL 388470, at *4 (N.D. Ill. Jul. 8, 1996). Therefore, plaintiff has stated a claim of common law assault and battery against the City of Chicago and Officer Bone. Counts II and III survive

---

[1] Since plaintiff may be able to cure the defects in count I, we dismiss the City of Chicago and the official capacity claim against Officer Bone without prejudice.

for now.

For the reasons set forth above, we grant plaintiff's petition to proceed *in forma pauperis*, but dismiss the City of Chicago and the official capacity claim against Officer Bone from Count I, and dismiss the Chicago Police Department from all counts of this lawsuit.

                                                    JAMES B. MORAN
                                       Senior Judge, U. S. District Court

July 11, 2000.